IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN VAN WYCK, et al.,

        Plaintiffs,

v.                                                 CIVIL ACTION NO. 2:10-cv-01029

CHARLESTON SANITARY BOARD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's Motion for Summary Judgment [Docket 9]. For the reasons set forth below, this Motion is **GRANTED** with respect to the plaintiff Van Wyck and **DENIED** with respect to the plaintiffs Rhodes and Spradling.

**I.    Background**

    A.    *Facts*

The plaintiffs, John Van Wyck, Michael Rhodes, and Harold Spradling, Jr., seek overtime compensation and liquidated damages from the Sanitary Board of the City of Charleston ("Charleston Sanitary Board," or "CSB"). The plaintiffs claim that the CSB failed to compensate them for hours worked at a grievance hearing before the Charleston Civil Service Commission.

The CSB is a municipal sewer utility serving Charleston and areas of Kanawha County. It was created pursuant to West Virginia statute, but is a separate legal entity and operates on an independent budget from the City of Charleston. (Def.'s Mot. Summ. J. [9-1], at Ex. A ¶ 4.)

Because CSB employees are not city employees, the CSB is not required to submit employee disputes to the Charleston Civil Service Commission ("Commission"). Nonetheless, the CSB sometimes agrees to appear before the Commission and abide by the Commission's decision regarding an employee grievance. (Def.'s Mot. Summ. J. [9-1], at Ex. A ¶ 5.)

On or around June 30, 2009, Van Wyck was issued an oral warning by his employer, the CSB. Van Wyck wished to challenge the oral warning, so he filed a grievance with the CSB. His grievance was denied, and he appealed the denial to the Commission. The CSB agreed to appear before the Commission and be bound by its decision. (Def.'s Mot. Summ. J. [9-1], at Ex. A ¶ 9.)

A hearing on Van Wyck's appeal was set for September 8, 2009. Under the Charleston Civil Service Code, grievance appeals to the Commission must be in writing. Such appeals are heard within thirty days, at which time the grievant has the opportunity to appear and present evidence and witnesses to the Commission. *See* Charleston, W. Va., Civil Service Code § 2-127. The Commission has the authority to issue subpoenas to compel the attendance of witnesses. Failure to appear when subpoenaed is a misdemeanor and, for city employees, results in immediate termination. Charleston, W. Va., Civil Service Code § 2-126. At Van Wyck's request and pursuant to the Charleston Civil Service Code, the Commission issued subpoenas to compel Rhodes's and Spradling's attendance. At the time of the hearing, all three plaintiffs were employed by the CSB and were not city employees.

The CSB provided all three plaintiffs with transportation to and from the hearing and paid them through 3:30 p.m., the end of their normal work day. The hearing lasted until 4:45 p.m., at which time the plaintiffs returned to the CSB and attempted to clock-out at 5:07 p.m. The CSB

changed the plaintiffs' time cards to reflect their normal clock-out time and did not compensate them for the additional time the hearing extended beyond their normal work day.

The parties dispute whether the one hour and thirty-seven minutes for which the plaintiffs seek overtime wages was "time worked" within the meaning of the Fair Labor Standards Act. If such time is determined to be time worked, the parties also disagree as to whether the plaintiffs are entitled to liquidated damages under the Fair Labor Standards Act and the West Virginia Payment and Collection Act.

B. *Procedural History*

The plaintiffs filed suit in the Circuit Court of Kanawha County, West Virginia on May 12, 2010. The case was removed to federal court on August 18, 2009. On May 3, 2011, the defendant filed a motion for summary judgment. (Def.'s Mot. Summ. J. [Docket 9].) This motion is now ripe for review.

**II.     Standard of Review**

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).

**III. Discussion**

The Fair Labor Standards Act (FLSA) requires that a covered employee be paid a minimum wage for all hours worked and overtime compensation when such an employee works more than forty hours in a given week. 29 U.S.C. §§ 206, 207. "The term 'work' is not defined in the FLSA, and courts are left to determine the meaning of the term." *Perez v. Mountaire Farms, Inc.*, 2011 WL 2207110 (4th Cir.) (citing *IBP, Inc. v. Alvarez*, 546 U.S. 680, 692 (1946)). The Supreme Court has defined the term "work" broadly when applied to claims asserted under the FLSA. *Id.*; *Armour v. Wantock*, 323 U.S. 126 (1944).

Compensable working time is also defined in the Code of Federal Regulations. *See* 29 C.F.R. § 785.6–785.7. Under the regulations, working time includes all time an employee is "necessarily required to be on the employer's premises, on duty or at a prescribed work place." 29 C.F.R. § 785.7 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)). Work

4

performed away from the employer's premises is compensable working time if "the employer knows or has reason to believe that work is being performed." 29 C.F.R. § 785.12. "In all such cases it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed." *Id.* Grievance adjustment procedures are dealt with specifically in 29 C.F.R. § 785.42, which states:

> Time spent adjusting grievances between an employer and employees during the time the employees are *required to be on the premises* is hours worked, but in the event a bona fide union is involved the counting of such time will, as a matter of enforcement policy, be left to the process of collective bargaining or to the custom or practice under the collective bargaining agreement.

*Id.* (emphasis added).

In *Debraska v. City of Milkwaukee*, the Seventh Circuit held that a police officer was not entitled to compensation for attendance at a preliminary grievance hearing held outside the officer's normal work hours. *Debraska*, 189 F.3d at 652–53. The court based its decision on the fact that the officer's attendance at the hearing was voluntary using the definition in 29 C.F.R. § 785.28, which states: "Attendance is not voluntary, of course, if it is required by the employer. It is not voluntary in fact if the employee is given to understand or led to believe that his present working conditions or the continuance of his employment would be adversely affected by nonattendance." *Id.* The court explained:

> Because the outcome of a preliminary inquiry does not adversely affect either working conditions or the continuance of employment—and because Milwaukee does not draw an adverse inference from the submission of a written statement instead of an oral one—the officer's physical presence at the preliminary hearing was 'voluntary' under this definition.

*Debraska*, 189 F. 3d at 652.

This court is persuaded by the Seventh Circuit's reasoning and therefore concludes that an employee is entitled to be paid for attendance at a grievance hearing if the employee is either required to attend or led to believe that non-attendance will adversely affect his employment.

### a. Van Wyck

Plaintiff Van Wyck claims that he is entitled to compensation for the time spent at the hearing because he attended the hearing for the purpose of appealing an oral warning documented in his employment file. Van Wyck does not claim that he suffered any appreciable adverse employment consequences as a result of the oral warning; rather, his decision to appeal was based on an understandable desire to maintain a clear employment file. The defendant, on the other hand, claims that it was not obligated to pay Van Wyck because he attended the hearing voluntarily.

Contrary to the defendant's assertions, this case does not fit squarely under the reasoning used by the Seventh Circuit in *Debraska*, which is specifically limited to the context of a preliminary hearing. *Debraska*, 189 F.3d at 652 (noting that "the officer's physical presence at the preliminary hearing was 'voluntary' under this definition (though appearance at a formal, final hearing would not be 'voluntary' under this standard).") Unlike the facts of *Debraska*, the hearing at issue in this case was Van Wyck's final opportunity to present evidence in his appeal. Van Wyck, therefore, may have had a stronger motivation to attend the hearing than the plaintiffs in *Debraska*. *See id.* at 653 (noting that the plaintiffs did not "forfeit anything" by failing to attend a preliminary hearing because the hearing would still take place, and the officer would not "lose any right to present his case in writing or to avail himself of later procedures").

The nature of the grievance at issue in this case, however, is unusual because the challenged warning itself did not have any appreciable negative impact on Van Wyck's

employment with the CSB. Moreover, there is no indication in the record that Van Wyck would have suffered adverse employment consequences if he failed to appeal the grievance or failed to attend the hearing. There is also no indication in the Code or elsewhere that Van Wyck's appeal would not have gone forward without his attendance. The Code requires only that all grievance appeals must be in writing. While a grievant is entitled to attend a hearing on appeal, there does not appear to be any requirement that the grievant attend the hearing. Thus, while Van Wyck may have had a reasonable motivation to attend the hearing, he has not established that he was required to attend within the meaning of 29 C.F.R. § 785.42. Nor has he asserted facts to establish that the CSB led him to believe that non-attendance would adversely affect his employment under 29 C.F.R. § 785.28 (Van Wyck Dep. at 37). Because Van Wyck has not asserted facts sufficient to meet the legal standard that would require the CSB to compensate him for the time spent at the grievance hearing, the defendant is entitled to judgment as a matter of law. The court therefore **FINDS** that there is no genuine issue of material fact and summary judgment is proper as to plaintiff Van Wyck.

    **b.  Rhodes and Spradling**

The other two plaintiffs, Rhodes and Spradling, also assert that they are entitled to be paid for the time spent at the grievance hearing because their attendance was required. Their position, however, is different from that of Van Wyck because each received a subpoena from the Commission purporting to compel their attendance at the grievance hearing. (Def.'s Mot. Summ. J. [9-1], at Ex. A ¶ 10.)

The City of Charleston Civil Service Code grants the Commission the power to subpoena witnesses and states that: "Any person who fails to appear in response to a subpoena . . . shall be guilty of a misdemeanor . . . and if he or she is an employee of the city, shall also be subject to

immediate discharge." Charleston, W. Va., Civil Service Code § 2-126. While there is substantial doubt as to the Commission's authority to issue subpoenas in this case, it is not necessary for this court to decide whether the subpoenas were valid. If the subpoenas, combined with the informal agreement between the CSB and the Commission, led the plaintiffs to believe they were required to attend the hearing, their attendance was not voluntary under 29 C.F.R. § 785.28.

The defendant makes much of the fact that the subpoenas were issued by the Commission at Van Wyck's request. However, the subpoenas were issued only as a result of the CSB's agreement to appear before the Commission and submit to its decision regarding Van Wyck's appeal. Without the CSB's acquiescence, the Commission would have had no authority or purported authority to compel the plaintiffs' attendance. By agreeing to appear before the Commission, the CSB may have led its employees to believe that they were subject to the provisions of the City of Charleston Civil Service Code dealing with Commission hearings and subpoenas. These provisions indicate that failure to respond to a subpoena will result in termination for city employees. Even if the plaintiffs were aware they were not city employees and therefore not subject to the immediate termination provision, the severity of the provision's language coupled with the threat of misdemeanor charges may have caused the plaintiffs to believe that they would be subject to adverse employment consequences if they failed to appear. Although the CSB was aware of the subpoenas and should have been aware of the plaintiffs' belief that their attendance was mandatory, there is no evidence that it informed the plaintiffs that they were not required to stay beyond their normal work hours. Instead, the CSB not only permitted the plaintiffs to attend the hearing during work hours but also provided them with transportation to and from the hearing. Taking the facts in the light most favorable to the plaintiffs, these

circumstances may have led Spradling and Rhodes to believe that they were required to attend the hearing or suffer adverse employment consequences.

The court therefore **FINDS** that there is a genuine issue of material fact as to whether plaintiffs Spradling and Rhodes were either required to attend the grievance hearing by their employer or led to believe that non-attendance would adversely affect their employment. Summary judgment is therefore **DENIED** with respect to Spradling and Rhodes.

**IV.    Conclusions**

For the foregoing reasons, the defendant's Motion for Summary Judgment is **GRANTED** with respect to plaintiff Van Wyck and **DENIED** with respect to plaintiffs Rhodes and Spradling.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     September 29, 2011

_Joseph R. Goodwin_
Joseph R. Goodwin, Chief Judge